1

2                                                           FILED

3                                              13 DEC 18 PM 1:19

4                                              CLERK, U.S. DISTRICT COURT
                                               SOUTHERN DISTRICT OF CALIFORNIA

5                                                        ℚⓓ    DEPUTY
                                               BY:

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10   WALTER M. SHAW,                  │ CASE NO. 12-cv-2369-BEN (NLS)

11                          Plaintiff, │ **ORDER GRANTING THE**
                                       │ **MOTION TO DISMISS AND**
12          vs.                        │ **DISMISSING THE COMPLAINT**

13   VETERANS HEALTH                   │ [Docket No. 24]
     ADMINISTRATION, VA SAN            │
14   DIEGO HEALTHCARE SYSTEM,          │
     SAN DIEGO VA MEDICAL              │
15   CENTER, DEPARTMENT OF             │
     VETERANS AFFAIRS, and OFFICE      │
16   OF PERSONNEL MANAGEMENT,          │

17                          Defendants. │

18

19          Before this Court is the Motion to Dismiss filed by the United States on behalf

20   of all Defendants. (Docket No. 24). Upon careful review of the briefing and record in

21   this matter, the Court **GRANTS** the Motion to Dismiss.

22   **I. Plaintiff's Claims**

23          Plaintiff Walter M. Shaw filed a First Amended Complaint (FAC) on October

24   24, 2012. (Docket No. 4). Plaintiff sought recovery of unpaid wages and benefits, as

25   well as penalties, for Defendants' alleged systemic misclassification of Plaintiff as an

26   independent contractor instead of an employee. (FAC ¶ 1). Plaintiff, a medical doctor,

27   alleges he was hired by the Department of Veterans Affairs (VA) to work in an

28   outpatient facility in Mission Valley, CA. (*Id.* ¶¶ 2-4). He claims that he was

                                         - 1 -

1  improperly denied retirement and other employment benefits because he and others
2  were misclassified as "fee basis physicians," "independent contractors," and "contract
3  physicians," instead of "employees." (*Id.* ¶¶ 10, 17, 20). Plaintiff alleges that he was
4  informed in writing that he did not qualify for benefits because his appointment was
5  an independent contracting position and not eligible for benefits. (FAC ¶ 10; Pl's Exh.
6  F, p. 135). Plaintiff devotes much of his complaint to a detailed description of his
7  working conditions and the degree of control and oversight that the Defendants
8  exercised over his actions. Plaintiff states that he and others tried to "encourage some
9  benefit consideration" and were told that he and others were fee-service contractors.
10 (*Id.* at ¶ 48). They were also told they did not qualify for the Federal Employee
11 Retirement System (FERS). (*Id.*)

12       Plaintiff states that he received written notice that his last day was September 30,
13 2010. Plaintiff appears to claim that the records may not be correct, that his last day
14 was September 24, and that he has not received payment for "September 30-31." (*Id.*
15 at ¶ 49). Plaintiff also claims that he later received a letter in either November or
16 December 2010 that stated that he and others had "voluntarily resigned" and that there
17 was a verbal announcement at the end of October that the VA would no longer fire a
18 physician. (*Id.* ¶¶ 49, 82) Plaintiff states that he "requested due process" for the loss
19 of his job. (*Id.* ¶¶ 49, 82). Plaintiff stated that he sought relief through "HR (Central
20 Office) and Benefits (Central Office)" and claims that San Diego VA Human
21 Resources would not return their phone calls. (*Id.* ¶ 50). Plaintiff appears to claim that
22 this was consistent with his "employee" status. (*Id.* ¶¶ 52, 71, 74). He claims that his
23 discharge "was without reason 31 October 2010 after 17 years and some days of work
24 remain unpaid." (*Id.* ¶ 81).

25       Plaintiff asserts four "causes of action." They are listed as (1) a declaratory
26 judgment, (2) misclassification, (3) abuse of 38 U.S.C. §§ 7403, 74055 by failing to
27 classify him as an employee resulting in "unlawful deprivation of benefits and rights
28 to which plaintiff was rightfully entitled as an 'employee,'" and (4) violation of

1    California Labor Code section 226.8, outlawing willful misclassification as an

2    independent contractor. Plaintiff seeks the following specific forms of relief: 1) a

3    declaration that Defendants misclassified plaintiff and others as "independent

4    contractors," 2) injunctive relief enjoining Defendants from classifying fee basis

5    physicians as independent contractors, 3) compensatory damages based upon the

6    benefits and entitlement owed to Plaintiff as an employee, 4) statutory and

7    restitutionary damages, and 5) a declaration that Defendants willfully misclassified

8    plaintiff under California Labor Code § 2753. (*Id.* at p. 24).

9        On July 22, 2013, the United States moved to dismiss for lack of jurisdiction on

10    behalf of the Defendants. (Docket No. 24).

11    **II. Legal Standard**

12        Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if,

13    taking all factual allegations as true, the complaint fails to state a plausible claim for

14    relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

15    556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff

16    to plead factual content that provides "more than a sheer possibility that a defendant

17    has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint

18    fails to state enough facts to raise a reasonable expectation that discovery will reveal

19    evidence of the matter complained of, or if the complaint lacks a cognizable legal

20    theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

21    **III. Discussion**

22        A. Retirement Benefits

23        The United States asks this Court to dismiss the action for lack of jurisdiction

24    because Plaintiff failed to allege that he exhausted his administrative remedies, and

25    jurisdiction over any exhausted claims lies exclusively with the Federal Circuit. (Mot.

26    at 2).

27        The Court notes that Plaintiff points out that the federal court has jurisdiction

28    because the United States is a party, there is a federal question, and/or the subject

1 | matter jurisdiction is intertwined with the merits.  (Resp. at 1, 7-13).  However, even
2 | if this Court would normally have proper subject matter jurisdiction over the case for
3 | any of the reasons offered by Plaintiff, the Court will nonetheless lack jurisdiction if
4 | Plaintiff either failed to exhaust administrative remedies, or sought judicial review in
5 | the wrong court. *See, e.g., Grossman v. C.I.R.*, 687 F. Supp. 1401, 1402 (N.D. Cal.
6 | 1987).

7 | Congress has authorized the Office of Personnel Management (OPM) to
8 | administer FERS, and to enact regulations to do so.  5 U.S.C. § 8347.  OPM regulations
9 | state that OPM will adjudicate "all claims for basic benefits arising under FERS and
10 | of all matters directly or indirectly concerned with these adjudications."  5 C.F.R.
11 | § 841.105(a).  To receive benefits under FERS, a claimant must apply for the benefit
12 | as prescribed by OPM.  5 C.F.R. § 841.202(a).  Individuals must file an application
13 | with OPM.  5 C.F.R. § 841.304. The OPM decision on that application may be subject
14 | to reconsideration.  5 C.F.R. §§841.305, 841.306.  The matter can then be appealed to
15 | the Merit Systems Protection Board (MSPB).  5 C.F.R. §§ 841.305, 841.308; 5 U.S.C.
16 | § 8347(d)(1)-(2).  The decision of the MSPB can be appealed to the United States
17 | Court of Appeals for the Federal Circuit.  28 U.S.C. § 1295(a)(9).  The Federal
18 | Circuit's jurisdiction is exclusive. *Id.*

19 | A federal court cannot offer an independent determination of benefits. The Civil
20 | Service Reform Act has established that the exclusive avenue of review is through the
21 | OPM, MSPB, and the Federal Circuit. *See Rogers v. United States*, 15 Cl. Ct. 692, 698
22 | (1988); *Ashgar v. United States*, 23 Cl. Ct. 226, 232-33 (1991).

23 | Plaintiff fails to allege that he applied for benefits and exhausted his
24 | administrative remedies before the OPM and MSPB.  Even if he had done so, he would
25 | be required to seek judicial review in the Federal Circuit.  To the extent that Plaintiff
26 | files the instant motion seeking retirement benefits, this Court lacks jurisdiction and the
27 | motion to dismiss is **GRANTED**.  Plaintiff's claims for retirement benefits are
28 | **DISMISSED**.

1  B. Unpaid Overtime

2  Although Defendants ask this Court to dismiss Plaintiff's claim, they only

3  provided a single argument in their Motion to Dismiss – the Court's lack of jurisdiction

4  over Plaintiff's claims for retirement benefits. In its Reply brief, Defendants address,

5  for the first time, Plaintiff's claims about overtime and his contention that he was

6  misclassified.

7  It is inappropriate for this Court to consider new arguments that the Defendants

8  failed to raise in their opening brief. *E.g., Schwartz v. Upper Deck Co.*, 183 F.R.D.

9  672, 682 (S.D. Cal. 1999) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.

10  1996)); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal.

11  2000) ("It is improper for a moving party to introduce new facts or different legal

12  arguments in the reply brief than those presented in the moving papers."); *Ass'n of*

13  *Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal.

14  2006) ("It is inappropriate to consider arguments raised for the first time in a reply

15  brief."). *See also State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir.1990)

16  (applying the rule at the appellate level and discussing the unfairness to opposing party

17  of considering issues raised for the first time in a reply brief).

18  In particular, this Court notes that a review of Plaintiff's FAC reveals that

19  Plaintiff was obviously raising claims beyond retirement benefits. (*E.g.*, FAC ¶ 1).

20  Although Plaintiff's FAC is not always clear about the causes of action he asserts and

21  the compensation he seeks, he clearly asserted that he was misclassified and denied

22  overtime. Indeed, most of Plaintiff's FAC is devoted to arguing that he meets the test

23  for an "employee." Plaintiff repeatedly alleges he was improperly denied rights and

24  benefits of an employee, as opposed to a focus on retirement benefits. (FAC ¶¶ 18, 20,

25  21, 87). Plaintiff specifically alleged he was not paid overtime. (FAC ¶¶ 8, 12).

26  Retirement benefits were only specifically mentioned at a few points in Plaintiff's 25-

27  page complaint. Defendants stated in their opening brief that Plaintiff's complaint

28  appeared to allege that "his performance of duties as a fee-based physician for the

1  Department of Veterans Affairs entitled him to certain employment benefits, chief
2  among them enrollment in the Federal Employee Retirement System." (Mot. at 2).
3      Review of Plaintiff's response brief reveals no grounds for Defendants to raise
4  overtime issues for the first time in a reply brief. Plaintiff's Response reiterated his
5  claims and focused on his arguments that subject matter jurisdiction existed because
6  the United States is a party, a federal question existed, and any dispute regarding
7  subject matter jurisdiction was intertwined with the merits. Plaintiff does mention new
8  arguments, such as a claim under California's Unfair Competition Law.
9      Although Plaintiff clearly sought to allege more than a denial of retirement
10  benefits, Defendants' opening brief only addressed this claim. By failing to raise the
11  overtime issues until the Reply Brief, Defendants deprived Plaintiff of the opportunity
12  to put forward any arguments he may have that he is entitled to overtime benefits.
13  Defendants' arguments regarding overtime will therefore not be considered at this time.
14      C. Failure to Make a Short and Plain Statement of the Claim Showing that the
15      Pleader is Entitled to Relief
16      Plaintiff's FAC fails to meet the demands of Rule 8 of the Federal Rules of Civil
17  Procedure, which requires that the complaint provide a "short and plain statement of
18  the claim showing that the pleader is entitled to relief." A complaint must give
19  defendants fair notice of "what the ... claim is and the grounds upon which it rests."
20  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A
21  complaint that fails to comply with these rules may be dismissed. *E.g., Nevijel v. North*
22  *Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) (upholding dismissal of
23  complaint which was verbose, confusing, and conclusory); *Schmidt v. Herrmann*, 614
24  F.2d 1221, 1224 (9th Cir. 1980) (upholding dismissal of complaint where confusing,
25  distracting, ambiguous, and unintelligible).
26      Plaintiff's 94-paragraph FAC is confusing and fails to give Defendants fair
27  notice of what claims he is asserting and what relief he seeks. Including exhibits, the
28  FAC is 143 pages. The FAC is frequently redundant and disorganized, and refers to

1  dates that do not exist, such as September 31st. Plaintiff's allegation of the facts,

2  particularly as to chronology, is confusing and possibly inconsistent. Plaintiff's

3  discussion of the underlying facts is lengthy and confusing, and it is often unclear

4  whether Plaintiff is attempting to provide background or allege misconduct.

5      Plaintiff also refers to "rights" and "benefits" that he has been denied, but it is

6  unclear what relief Plaintiff seeks beyond retirement benefits and unpaid overtime.[1]

7  Plaintiff repeatedly claims to be an employee, a fact the Defendants have conceded, but

8  does not explain why he believes he is entitled to any particular benefit. Plaintiff

9  alleges "misclassification" as a cause of action, but does not state any basis for treating

10 "misclassification" as a cause of action. Similarly, he does not explain his basis for

11 claiming that "abuse of 38 U.S.C. 7402 and 74055" is a cause of action.

12     Plaintiff's FAC is therefore **DISMISSED** for failure to make a "short and plain"

13 statement showing that he is entitled to relief.

14 **IV. Conclusion**

15     Defendant's Motion to Dismiss is **GRANTED** as to the claim for retirement

16 benefits. The FAC is **DISMISSED WITHOUT PREJUDICE**.

17     Plaintiff is given leave to file a Second Amended Complaint. Plaintiff is

18 cautioned that if he files a Second Amended Complaint, he must make a "short and

19 plain" statement showing that he is entitled to the relief he seeks. Plaintiff must state

20 all of the benefits or other relief that he seeks, and allege facts from which this Court

21 could conclude that he is entitled to such relief. He must clearly state the basis upon

22 which this Court is able to give him relief for the wrongs he claims, such as a statute

23 or common law cause of action.

24     Plaintiff is also cautioned that if he includes the personal information of other

25 individuals, as in the case of Exhibit D of the FAC, he must submit a "Motion to File

26 _____

27     [1]Plaintiff alleges that he was willfully misclassified as an independent contractor
   in violation of California Labor Code § 226.8, but states that he "reserves rights" to
28 bring an action on behalf of the State of California." (FAC ¶ 98). Plaintiff does not
   appear to assert any cause of action under California labor law at this time.

1  Under Seal" to ask this Court for permission to file such documents under seal pursuant
2  to Civil Local Rule 79.2 in order to protect the privacy and personal information of
3  those individuals.
4      **IT IS SO ORDERED.**
5
6  Dated: December 18, 2013
7
                                    HON. ROGER T. BENITEZ
                                    United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28