WALTER M. SHAW
4000 Palm Drive
Bonita, California 91902-2520
Telephone: (619) 472-1555
Facsimile: (619) 472-1555

Plaintiff Pro Per

FILED

14 FEB 18 PM 1:03

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ KLM _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER M. SHAW, M.D.,<br><br>        Plaintiff,<br><br>    v.<br><br>VETERANS HEALTH ADMINISTRATION; VA SAN DIEGO HEALTHCARE SYSTEM; SAN DIEGO VA MEDICAL CENTER; DEPARTMENT OF VETERANS AFFAIRS; OFFICE OF PERSONNEL MANAGEMENT; and DOES 1 to 20, inclusive.<br><br>        Defendants. | CASE NO. 12-cv-2369-BEN (NLS)<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**1. VIOLATION OF CALIFORNIA LABOR CODE § 226 FOR WILLFUL MISCLASSIFICATION AS INDEPENDENT CONTRACTOR AND FAILURE TO PROVIDE ITEMIZED STATEMENTS;**<br><br>**2. UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200** *et seq.***;**<br><br>**3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194 & 1198;**<br><br>**(JURY TRIAL DEMANDED)**<br><br>Judge: Hon. Roger T. Benitez |

Plaintiff WALTER M. SHAW ("Plaintiff"), an individual, on behalf of himself, alleges against Defendants Veterans Health Administration, VA San Diego Healthcare System, San Diego VA Medical Center,

1

Department of Veterans Affairs (collectively, "Defendants") and DOES 1-20, the following:

### INTRODUCTION

1.   Defendants hire experienced physicians in order to service the needs of active and retired veterans in providing medical evaluation, diagnosis, and treatment services.  The cost of the personnel hired to work for Defendants includes not only the hourly pay, overtime benefits, holiday and sick pay benefits, and retirement benefits but also the cost of the employer's share of tax payments to the federal and state governments for income taxes, social security taxes, medicare insurance, unemployment insurance and payments for workers' compensation insurance ("business related expenses").  As an employer, Defendants are legally responsible for the payment of these business related expenses.

2.   To avoid payment of these legally proscribed business related expenses to the fullest extent possible, Defendants employed a system of willfully misclassifying the physicians they hired as independent contractors or "fee basis physicians".

### THE PARTIES

3.   Plaintiff WALTER M. SHAW, M.D. is an individual who was employed as an independent contractor (known as

2

a "fee basis physician") for the VA Mission Valley Clinic, operated by the Department of Veterans Affairs, San Diego Healthcare Services, in the city of San Diego, State of California, from approximately 2/1/93 through 9/30/10.

4. Defendant VETERANS HEALTH ADMINISTRATION, formerly known as the DEPARTMENT OF MEDICINE AND SURGERY, is a division of the United States Department of Veterans Affairs, the national governing agency directing, supervising, and administering health benefits and services to veterans. At all times relevant, it has operated and engaged in business throughout the United States, including subsidiary offices in California.

5. Defendant VA SAN DIEGO HEALTHCARE SYSTEM is the San Diego VA Medical Center and its satellite outpatient clinic, the VA Mission Valley Clinic, located at 8810 Rio San Diego Drive, San Diego, California 92108. At all times relevant, it has operated and engaged in business throughout the United States, including subsidiary offices in California.

6. Defendant SAN DIEGO VA MEDICAL CENTER is the hospital portion of the Veterans Affairs San Diego Healthcare System and operates the hospital located at 3350 La Jolla Village Drive, San Diego, California 92161. At all times relevant, it has operated and

3

engaged in business throughout the United States, including subsidiary offices in California.

7.   Defendant DEPARTMENT OF VETERANS AFFAIRS is the national governing agency directing, supervising, and administering health benefits and services to veterans. At all times relevant, it has operated and engaged in business throughout the United States, including subsidiary offices in California.

8.   Defendant OFFICE OF PERSONNEL MANAGEMENT is the national governing agency directed and supervising all individuals employed by the United States federal government. At all times relevant, it has operated and engaged in business throughout the United States, including subsidiary offices in California.

9.   The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued here as DOES 1 through 20, inclusive, are presently unknown to the Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon, alleges that each of the Defendants designated herein is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of Court to amend this second amended complaint to reflect the true names and capacities of the Defendants when they have been ascertained and become known.

4

10. The agents, servants and/or employees of Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributed to the other Defendants and all Defendants all jointly and severally liable to the Plaintiff for the losses sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. section 1331. Supplemental jurisdiction exists over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

12. The Court has personal jurisdiction over Defendants because Defendants presently and at all times relevant to this action have conducted substantial and continuous activities including maintaining offices in California.

13. Venue is proper in the Southern District of

5

California pursuant to U.S.C. section 1391 because a substantial portion of the events and omissions giving rise to this action occurred in this District and because the Court has personal jurisdiction over the Defendants.

### THE CONDUCT

14. Defendants operate and oversee the medical services provided to active duty and retired military personnel (and their families) in the United States.

15. Plaintiff has practiced medicine continuously for over half a century, notably serving as Chief of Surgery intermittently at Scripps Memorial Hospital from 1965 through 2002, on the Board of the Directors for Sharp Medical Center intermittently from 1965 through 2004, as the Medical Director of the Industrial Clinic at Rohr Aerospace from 1991 through 1994, and as an occupational medicine physician with the Federal Occupational Health Administration.

16. Plaintiff worked for Defendants as a fee basis physician on consecutive appointments, for terms of two (2) years continuously from approximately 2/1/93 through 9/30/10 and was classified by Defendants as an independent contractor at all times relevant mentioned herein. (See Exhibit A, which includes various appointment letters received by Plaintiff detailing his

6

two (2) year appointment as a "fee basis" physician;
See also Exhibit B, the letter dated 9/17/04 in which
Plaintiff's status is specifically identified as "an
independent contractor position not eligible for
benefits.")

17. California Labor Code Section 226.8 provides
that "[i]t is unlawful for any person or employer to
engage in . . . [w]illful misclassification of an
individual as an independent contractor." The penalty
for willful misclassification of employees is a "civil
penalty of not less than five thousand dollars ($5,000)
and not more than fifteen thousand dollars ($15,000)
for each violation, in addition to other penalties or
fines permitted by law." It is further provided that,
in the event that an employer is found to have engaged
in a "pattern or practice of these violations", the
penalties increase to "not less than ten thousand
dollars ($10,000) and not more than twenty-five
thousand dollars ($25,000) for each violation, in
addition to any other penalties or fines permitted by
law." Cal. Labor Code § 226.8.

18. Defendants have engaged in a long-standing
practice of utilizing the pattern of repeated temporary
appointments under 38 U.S.C. 7405(a)(2) against federal
regulations for the express purpose of avoiding the
payment of benefits entitled to their employees under

7

law, including Plaintiff. The policy of the United States federal government is to convert to full-time employment where appropriate. Defendants' pattern of abuse with respect to 38 U.S.C. 7405(a)(2) temporary appointments are in violation of federal law and regulation. (See *Temporary Employee Practices: How Long Does Temporary Last?*, Hearing before the Subcommittee on Federal Workforce, Postal Service, and the District of Columbia of the Committee on Oversight and Government Reform, June 30, 2010, Serial No. 111-95.)

19. Herein, Defendants have willfully misclassified Plaintiff (as well as all other fee basis physicians) as described in Cal. Labor Code § 226.8, and further, that Defendants have engaged in a "pattern or practice" of such violations as contemplated by California Labor Code.

20. Upon hire, the position of fee basis physician was represented by Defendants to the Plaintiff and other fee basis physicians as an independent contractor position capable of paying a flat piece rate for each physical examination and medical exam. For example, the two year appointment executed for Plaintiff by Defendants on 9/20/06 provided a flat rate of $130.00 per medical exam and an earning limitation of $150,000 per year. (See Exhibit A, *supra*.) Plaintiff was not

8

compensated for any of his time spent working other than the flat piece rate for each medical examination performed.   Plaintiff was hired to perform complete history and physical examinations of veterans using the guidelines provided by Defendants and under the supervision of the full-time physicians employed by Defendants.   Plaintiff was the only physician at the San Diego VA facility selected to perform the examination of ex-POW veterans for these veterans compensation and pension evaluations.   The additional tasks and time spent by Plaintiff to perform the work required by Defendants relevant to each medical examination which included but was not limited to the follow-up communications with each patient, a dictation of the medical examination, and the time intensive process of entry of the physician's findings into Defendants' computer database programs.   Plaintiff routinely worked more than 30% more than the usual eight (8) hour work day.   As a result, Plaintiff was therefore not paid for all working hours.

21. To perform their job duties, Plaintiff performed all work subject to the control of Defendants in that Defendants had the authority to exercise complete control over the work performed and the manner and means in which the work was performed.   Defendants provide the patients and Defendants provided the instructions as to how to perform the medical

9

examinations.  California Labor Code § 3357 defines "employee" as "every person in the service of an employer under any appointment or contact of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed." In addition to the California Labor Code's presumption that workers are employees, the United States Supreme Court has determined the most significant factor to be considered in distinguishing an independent contractor from an employee is whether the employee or principal has the right to control the work both as to the work performed and the manner and means in which the work is performed.  Defendants controlled both the work performed and the manner and means in which the Plaintiff performed their work in that:

(a) Plaintiff was not involved in a distinct business, but instead was provided with instructions as to how to perform his work and the manner and means in which the work was to be performed by means of Defendants' guidelines, bylaws and written instructions;

(b) Plaintiff was continuously provided with training and supervision, and received training from Defendants as to how and in what way to perform the medical examinations and record the results thereof.

(c) Defendants set the requirements as to what

10

final results were expected in regards to the medical services rendered by the Plaintiff and Defendants employed the methods for the Plaintiff to follow in order to obtain Defendants' desired results;

(d) Plaintiff had no opportunity for profit or loss because Defendants only paid Plaintiff based on the particular examinations he completed and Defendants controlled the particular examinations the Plaintiff was required to perform;

(e) Plaintiff performed medical services which is part of Defendants' principal business and is closely integrated with and essential to the employer's business of providing medical services to active and retired military veterans;

(f) Plaintiff performed the work himself and did not hire others to perform his work for him;

(g) Plaintiff had no authority to make employment-related personnel decisions;

(h) Plaintiff performed his work of conducting the medical examinations in a particular method in accordance with Defendants' policy.

22. As a result, Plaintiff was an employee of Defendants and not an independent contractor of Defendants and should therefore be properly classified

as non-exempt, hourly employees.

23. The finite set of tasks required of the Plaintiff in performing the medical examinations as defined by Defendants was executed through the performance of non-exempt labor.

24. Although Plaintiff performed non-exempt labor subject to Defendants' complete control over the manner and means of performance, Defendants instituted a blanket classification policy, practice and procedure by which all fee-basis physicians, including Plaintiff, were classified as "independent contractors" exempt from compensation for all hours worked, overtime compensation, holiday pay and sick leave benefits. Furthermore, as a further result of the Defendants' willful misclassification of Plaintiff as an independent contractor, Plaintiff was deprived the ability to participate in Defendants' Thrift Savings Plan or Federal Employee Retirement System (FERS), the government's version of a 401K. (See Exhibit B, *supra*.) Consequently, as a direct result of Defendants' misclassification of Plaintiff as an independent contractor, Plaintiff was deprived retirement benefits.

25. As a matter of policy, practice and procedure, Defendants have unfairly and/or deceptively classified Plaintiff as an "independent contractor" in order to unlawfully avoid compliance with all applicable federal

12

and state laws that require payment for all hours at work, business expenses, and the employer's share of payroll taxes and mandatory insurance. As a result of the Defendants' willful misclassification, Plaintiff was underpaid throughout his employment with Defendants.

26. As a result of this uniform misclassification practice, policy and procedure applicable to the Plaintiff, Defendants committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("the UCL"), by engaging in an agency wide policy, practice and procedure which uniformly failed to properly classify the Plaintiff as an employee and thereby failed to pay him the minimum wages for all hours worked, overtime wages for overtime hours worked, holiday pay and sick leave benefits, reimbursement of business expenses, and further failed to provide Plaintiff with access to, enrollment in, and benefits entitled to Plaintiff under FERS. Consequently, as a direct result of Defendants' misclassification of Plaintiff as an independent contractor, Plaintiff was deprived retirement benefits. The proper classification of Plaintiff is Defendants' burden.[1] As a result of

---

[1] Plaintiff notes that counsel for Defendants in this action has argued in prior motion papers that Plaintiff is an "employee" and thereby Plaintiff's claims are not proper for adjudication in this federal forum, but rather must be pursued through the Eighth Circuit in accordance with federal law. (This position was

13

Defendants' intentional disregard of its obligation to meet this burden, Defendants violated California Labor Code and regulations therein as herein alleged.

27. Defendants, as a matter of law, have the burden of proving that employees are properly classified and that Defendants otherwise complies with applicable laws. Defendants, as a matter of agency policy, erroneously and continuously classified Plaintiff as an independent contractor for the entire period of Plaintiff's employment with Defendants from approximately 2/1/93 through 9/30/10.

28. Defendants also failed to provide Plaintiff with complete and accurate wage statements which failed to show the correct number of hours worked, including, work performed in excess of eight (8) hours in a workday and forty (40) hours in a work week. (See Exhibit C which contains a sampling of the W2 forms provided to Plaintiff during the course of his employment with Defendants.) Cal. Labor Code § 226 provides that each employer shall furnish each of his

accepted by the Court in its order granting Defendants' Motion to Dismiss with Leave to Amend, filed 12/18/13, 7:7.) However, notwithstanding the "concession" by Defendants' counsel that Plaintiff is an "employee", the evidence of Defendants' conduct during the time in question (1992-2010) belies such a concession. The evidence submitted in support of this amended complaint (which was also submitted in support of Plaintiff's first amended complaint) documents that the official position of Defendants throughout the course of Plaintiff's employment was that Plaintiff was an "independent contractor." (See Exhibit B attached hereto, *supra*.)

14

employees with an accurate itemized wage statement in writing, showing, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. As a result, Defendants provided Plaintiff with wage statements that violated Cal. Labor Code § 226.

29. By reason of this willful and continuous conduct applicable to the Plaintiff, Defendants committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("the UCL") by engaging in an agency wide policy, practice and procedure which failed to correctly classify the Plaintiff as an employee. The proper classification of Plaintiff is Defendants' burden. As a result of Defendants' intentional disregard of the obligation to meet this burden, Defendants failed to pay all required minimum and overtime compensation for work performed by the Plaintiff and violated the California Labor Code and regulations therein as alleged herein.

30. Specifically, Plaintiff worked for Defendants as a fee basis physician from approximately 2/1/93 through 9/30/10 and was classified by Defendants as an independent contractor during the entire period his employment for Defendants. Plaintiff was paid a flat rate for each medical examination performed. Plaintiff

was not compensated for any of his time spent working other than the flat rate for the completed medical examination performed for Defendants' benefit. Plaintiff was required to perform complete history and physical examinations of veterans using the guidelines provided by Defendants and under the supervision of the full-time physicians employed by Defendants.  Plaintiff was the only physician at the San Diego VA facility selected to perform the examination of ex-POW veterans for these veterans compensation and pension evaluations.  The additional tasks and time spent by Plaintiff to perform the work required by Defendants relevant to each medical examination which included but was not limited to the follow-up communications with each patient, a dictation of the medical examination, entry of the physician's findings into Defendants' computer database programs.  Plaintiff routinely worked more than 30% more than the usual eight (8) hour work day.   Plaintiff was classified as an independent contractor and thus did not receive pay for all hours worked, including overtime pay for hours worked in excess of eight (8) hours in a work day, more than forty (40) hours in a work week and/or more than twelve (12) hours in a workday.

31. As a result of Defendants' misclassification of Plaintiff as an independent contractor, Plaintiff was not compensated by Defendant for his hours worked at

16

the applicable minimum wage and overtime rates. To date Defendants have not fully paid Plaintiff all minimum and overtime wages still owed to him or any penalty wages owed to him under California Labor Code § 203.

## FIRST CAUSE OF ACTION

### For Misclassification as Independent Contractor and Failure to Keep Itemized Wage Statements

### [Cal. Labor Code § 226]

32. Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 31 of this second amended complaint.

33. California Labor Code Section 226.8 provides that "[i]t is unlawful for any person or employer to engage in . . . [w]illful misclassification of an individual as an independent contractor." The penalty for willful misclassification of employees is a "civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to other penalties or fines permitted by law." It is further provided that, in the event that an employer is found to have engaged in a "pattern or practice of these violations", the penalties increase to "not less than ten thousand dollars ($10,000) and not more than twenty-five

17

thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law." Cal. Labor Code § 226.8.

34. Herein, Defendants have willfully misclassified Plaintiff (as well as all other fee basis physicians) as described in Cal. Labor Code § 226.8, and further, that Defendants have engaged in a "pattern or practice" of such violations as contemplated by California Labor Code.

35. Moreover, Defendants have failed in their affirmative obligation to keep accurate itemized wage statements. Defendants, as a matter of agency wide policy and practice, did not maintain adequate records as required of California Labor Code § 226 by failing as a matter of policy and practice to keep accurate records of Plaintiff's gross wages earned, total hours worked, the appropriate rates of pay, all applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each hourly rate by the employee, and/or net wages earned.

36. Such a pattern, practice and uniform administration of an agency wide policy as alleged herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for all damages and penalties pursuant to California Labor Code section 226.

SECOND AMENDED COMPLAINT
Case No. 12-cv-02369 BEN (NLS)

## SECOND CAUSE OF ACTION

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200, *et seq.*]**

37. Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 36 of this second amended complaint.

38. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices described herein, including (a) misclassifying Plaintiff as an independent contractor; (b) failing to keep proper records in violation of California Labor Code; (c) failing to pay all minimum wages and overtime wages owed to Plaintiff as required by California Labor Code; (d) failing to provide other benefits entitled to Plaintiff, including holiday pay, sick leave, and access to, enrollment in, and entitlement of benefits under FERS; and (e) failing to reimburse Plaintiff for business related expenses as required by California Labor Code.

39. Defendants, and each of them, are a "person" as that term is defined under Cal. Bus. & Prof. Code § 17201.

40. Section 17200 of the California Business and Professions Code defines unfair competition as any unlawful, unfair or fraudulent business act or practice. Section 17200 applies to violations of labor laws in the employment context. Section 17203 provides for injunctive, declaratory and/or other equitable relief with respect to unfair competition for "any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction."

41. By the conduct alleged herein, Defendants have engaged and continued to engage in a practice which violates California Labor Code, including sections 226.7, 510, 512, 1194, 1197, 1198, 2802 for which this Court should issue declaratory, injunctive or other equitable relief pursuant to Cal. Bus. & Prof. Code section 17203, as may be necessary to prevent and remedy the conduct held to be unfair competition, including restitution of wages wrongfully withheld.

42. By the conduct alleged herein, Defendants have obtained valuable money and services from the Plaintiff and deprived Plaintiff of his valuable rights and benefits under law, to the detriment of Plaintiff and to the benefit of Defendants so as to allow Defendants to unfairly compete. Declaratory and injunctive relief is necessary to prevent and remedy this unfair

competition and compensatory damages alone would not afford complete and adequate redress.

43. All that acts described herein as violations of California Labor Code were unlawful and in violation of public policy and were oppressive, unethical and unscrupulous and designed to deceive employees and thereby constitute deceptive, unfair and unlawful business practice in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

44. By the conduct alleged herein, Defendants practices were fraudulent and deceptive in that Defendants' agency wide policy and practice was to represent to Plaintiff that he was not entitled to minimum wages, overtime wages, holiday and sick leave benefits, and business expense reimbursement and other benefits as required by California law when in fact Defendants' representations were false.

45. As a result of Defendants' conduct alleged herein, Plaintiff was underpaid during this employment with Defendants and is entitled to seek such relief as may be necessary to restore to him the money Defendants acquired by means of their unfair business practices, including earned but unpaid wages for all overtime hours worked, holiday pay and sick leave benefits deprived to Plaintiff, and access to, enrollment in, and benefits entitled under retirement.

21

46. Plaintiff has no speedy or adequate remedy at law that will end the unfair and unlawful business practices of Defendants. Further, Plaintiff is informed and believes that Defendants continue to employ these unfair and unlawful business practices. As a result, the Plaintiff has suffered and will continue to suffer irreparable economic harm unless Defendants are enjoined from continuing to engage in these unlawful and unfair business practices.

## THIRD CAUSE OF ACTION

### For Failure to Pay Minimum and Overtime Wages

### [Cal. Labor Code. §§ 510, 1194, & 1198]

47. Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 46 of this second amended complaint.

48. Defendants failed to pay Plaintiff minimum wages, wages for all hour worked and overtime wages for the hours worked in excess of the maximum hours permissible by law as required by Cal. Labor Code §§ 510, 1194, & 1198, even though Plaintiff was regularly required to work, and did work, uncompensated hours, hours compensated at less than minimum wage and overtime hours that Defendants never recorded as evidenced by Defendants' business records and witnessed by Defendants' employees.

SECOND AMENDED COMPLAINT
Case No. 12-cv-02369 BEN (NLS)

49. As a result of Defendants' unlawful failure to pay compensation to the Plaintiff for all hours worked, including overtime hours worked, Plaintiff has suffered and will continue to suffer an economic harm in amounts presently unknown to him which may ascertained according to proof at trial.

50. Defendants knew or should have known that Plaintiff was misclassified an independent contractor and Defendants' agency wide policy of so misclassifying Plaintiff (and other similarly situated to him) created a systemic failure by Defendants, either intentionally or negligently, to deprive Plaintiff of the value of his work. Plaintiff seeks recovery of all compensation, according to proof, interest, costs and any statutory penalties against Defendants in a sum as provided by the California Labor Code and/or any other state or federal statutes.

51. Defendants' practices violate California labor laws and Defendants continue to unlawfully refuse to compensate Plaintiff for all hours worked and to provide Plaintiff with requisite overtime compensation. By the conduct alleged herein, Defendants have acted intentionally, maliciously and oppressively toward Plaintiff with a conscious disregard of Plaintiff's legal rights and with the intent to deprive Plaintiff of his property and legal rights in order to increase

23

the agency's profits and/or reduce the agency's expenses at the expense of Plaintiff.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

An order requiring Defendants to pay minimum and overtime wages and all sums unlawfully withheld from compensation due to Plaintiff, including holiday pay and sick leave benefits;

Compensatory damages, according to proof at trial, including compensation due to Plaintiff plus interest at the statutory rate;

An order temporarily, preliminarily and permanently enjoining and restraining Defendants from engaging in similar unlawful conduct as set forth herein.

An order of equitable relief to compensate Plaintiff for the lost retirement benefits to which he was not unlawfully and unfairly not provided access to, enrollment in, or entitlement to benefits under retirement as a result of the unlawful conduct as set forth herein.

An award of interest, including prejudgement interest at the legal rate;

SECOND AMENDED COMPLAINT
Case No. 12-cv-02369 BEN (NLS)

Fees and costs of suit;

Such other and further relief as the Court deems just and equitable.

Respectfully submitted,


DATED:    February 17, 2014        WALTER M. SHAW, M.D.

                                   By: _____

                                      WALTER M. SHAW, M.D.
                                      Plaintiff Pro Per


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.


DATED:    February 17, 2014        WALTER M. SHAW, M.D.

                                   By: _____

                                      WALTER M. SHAW, M.D.
                                      Plaintiff Pro Per

25

**EXHIBIT A**



**DEPARTMENT OF VETERANS AFFAIRS**
San Diego Healthcare System
3350 La Jolla Village Drive
San Diego CA 92161

July 10, 2000

In Reply Refer To:  664/11B

WALTER M SHAW MD 22ZA
MISSION VALLEY OUTPATIENT CLINIC
COMPENSATION & PENSION
8810 RIO SAN DIEGO DRIVE
SAN DIEGO CA 92108

Dear Dr. Shaw:

Enclosed you will find your copy of privileges granted you for the period 2000 to 2002.  Please review for modifications and retain for your records.  If you have any questions, please call the Medical Staff Office at (858) 552-8585 extension 3197.

Thank you for your continued participation at the Veterans Affairs San Diego Healthcare System.

Sincerely,

Jacqueline G. Parthemore, M.D.
Chief of Staff/Medical Director

Enclosure(s)



**DEPARTMENT OF VETERANS AFFAIRS**
San Diego Healthcare System
3350 La Jolla Village Drive
San Diego CA 92161

July 10, 2000

In Reply Refer To: 664/11B

WALTER M SHAW MD 22ZA
MISSION VALLEY OUTPATIENT CLINIC
COMPENSATION & PENSION
8810 RIO SAN DIEGO DRIVE
SAN DIEGO CA 92108

Dear Dr. Shaw:

Please remember that a valid medical license is one precondition for practicing medicine at the VA San Diego Healthcare System (VASDHS). Physicians without valid licenses may not engage in any professional activities at VASDHS. This letter provides information to help you assure that the VA Medical Staff Office (MSO) has the necessary confirmation that you have a valid license.

The California Medical Board will mail you a renewal application approximately 10 weeks before your license expires. If you have moved, you may fax your new address to the California Medical Board at (916) 263-2944. You must include the following information: printed name, license number, Social Security number, old address, new address, the date and your signature.

You may also receive a reminder form the Medical Staff Office. Whether or not you receive any reminders, you are responsible for renewing the license.

Mail your renewal application, with payment, to the Medical Board at least 8 weeks before your license expires to allow for any delays in processing you application. The information that your license has been renewed will then become available by computer to the Medical Staff Office.

If for some reason you mail your renewal application late and you have not received your new license while the old one is about to expire, call the Medical Board at (916) 263-2382 to request an "in lieu of" letter. You will choose option 1, and then option 3 from the automated system. "In lieu of" letters can often be faxed to the physician on the same day they are requested, provided that the payment for license renewal has already been received. Since information about late applications is not automatically available to the MSO, it is your responsibility to take the "in lieu of" letter to the MSO.

Sincerely,

Yetive M. Jones
Medical Staff Coordinator

## VETERANS AFFAIRS SAN DIEGO HEALTHCARE SYSTEM
### SAN DIEGO, CA

## CLINICAL RENEWAL OF PRIVILEGES

ECS _____ Service _____ Effective: From 2000 _____ To 2002 _____

1. Physician's name: _____ Shaw _____ Walter _____ M. _____
                              Last                First                Middle

2. Service & Section    **External Clinical Service/Compensation & Pension**

3. Category of Staff Membership:

   ☐ PAID STAFF    ☐ PAID CONSULTANT    ☐ CONTRACT PHYSICIAN

   ☐ WOC (Without Compensation) ATTENDING

   ☒ FEE BASIS    ☐ FEE BASIS ADMITTING OFFICER OF THE DAY

4. Type of request:    ☒ Bi-annual renewal    ☐ Change in privileges

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The following information is offered in support of the request for renewal of clinical privileges. Please answer each question as it applies to the period of time since your last appointment/reappraisal.

For any questions answered "YES", provide complete information on a separate sheet of paper and attach to this request.

SINCE YOUR LAST APPOINTMENT OR REAPPRAISAL TO THIS MEDICAL STAFF:

1. Have you had any problems with your health status, which might affect your ability to carry out your clinical privileges at this medical center?    YES _____    NO ✓

2. Have you received any type of sanction or are you currently under investigation by a hospital, state licensing agency or other health care organization?    YES _____    NO ✓

3. Have you allowed a license to expire?    YES _____    NO ✓

4. Have you had previously successful or currently pending challenges to any licensure or certifications to practice medicine in any jurisdiction, or registration (state or district, Drug Enforcement Administration) limited, suspended, revoked; or the voluntary relinquishment of such licensure, certification or registration?    YES _____    NO ✓

5. Have you received additional license(s) or board certification(s) (submit documentation)?    YES _____    NO ✓

6. Have you had voluntary or involuntary termination of medical staff membership; limitation, reduction or loss of clinical privileges; denied appointment or renewal thereof; or been subject to disciplinary action at another medical/hospital or institution?    YES _____    NO ✓

7. Have you been granted privileges at any additional hospitals?    YES _____    NO ✓

8. Has your specialty board status been suspended, diminished, revoked, or not renewed?    YES _____    NO ✓

9. Do you have knowledge that you have been named in a Tort action?    YES _____    NO _____ *My medical related cases We have*
   (If "YES", please submit details on separate sheet.) *renewal cases related to preservation of my life saving & retirement funds & funds for*

10. Has your faculty membership in ANY medical or other professional school been removed or subject to disciplinary *daughter* action?    YES _____    NO ✓ *If details required we will submit summary.*

    _____ you had any felony criminal charges? YES _____    NO ✓

Form reviewed and approved by MEC 08/97

Name: Walter M. Shaw

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

12. Please attach documentation of continuing education activities **(50 hours minimum)** that you have completed in the past two years.

13. Please list two peers (**SHOULD NOT** be supervisor to you at this facility) familiar with your clinical skills, VAMC and VAOPC physicians are preferable, but not mandatory.

Name _Dr. Foster Marshall_ Position _Physician_ Telephone _400-205._
Address _VA OPC Mission Valley San Diego_

Name _Dr. Martin Morris_ Position _Physician_ Telephone _400-7057_
Address _VA OPC Mission Valley SD._

14. Other information: Include any additional comments you wish to make (use separate sheet if necessary).

_____

_____

_____

_____

_____

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

## 5. SECTION CHIEF

After careful review and consideration of the applicant's credentials including, but not limited to, education, training, experience, clinical competence information and health status, I:

☐  Recommend approval as requested

☐  Recommend approval with stipulations as noted on request form: _____

☐  Recommend disapproval for the following reason(s):

_____

_____

_____

_N/A_

**Section Chief Signature**                                    **Date**

Form reviewed and approved by MEC 08/97

Name: _____ Walter M. Shaw, M.D. _____

I acknowledge that I have been furnished with the VA San Diego
Healthcare System's latest Bylaws and employee safety and
training information as well as the procedures to follow in the
event of an internal or external emergency.   I have read and
understand this information.

I request approval for the Clinical Privileges indicated on the
attached form.

_____          9 Jan 2000
Applicant Signature                            Date

**************************************************************

Name: Walter M. Shaw

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

## 6. SERVICE CHIEF OR ACOS/EXTERNAL CLINICAL SERVICES

After careful review and consideration of the applicant's credentials including, but not limited to, education, training, experience, clinical competence information and health status, I:

☒ Recommend approval as requested

☐ Recommend approval with stipulations as noted on request form: _____

☐ Recommend disapproval for the following reason(s):

_____

_____

_____

_____   5/22/00

Service Chief or ACOS/External Clinical Services                                      Date

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

## 7. EXECUTIVE COMMITTEE

After careful review and consideration of the applicant's credentials including, but not limited to, education, training, experience, clinical competence information and health status, I:

☒ Recommend approval as requested

☐ Recommend approval with stipulations as noted on request form: _____

☐ Recommend disapproval for the following reason(s):

_____

_____

_____   6/7/00

Chief of Staff/Medical Director                                      Date

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

## 8. ACTION BY GRANTING AUTHORITY

☑ Grant clinical privileges as recommended by the Executive Committee of the Medical Staff

☐ Privileges not granted as recommended.  Privileges denied because _____

_____

_____   6/30/00

Director/CEO                                      Date

Form reviewed and approved by MEC 08/97

# EXTERNAL CLINICAL SERVICES PRIVILEGE REQUEST FORM

TO BE COMPLETED BY APPLICANT
NAME: Walter S. Shaw, M.D.

TO BE COMPLETED BY ACOS/EXTERNAL
CLINICAL SERVICES

## PRIVILEGE REQUESTED

## RECOMMENDATION

Compensation & Pension and/or Registry
examinations (*Involves data base acquisition and
diagnosis only*) ▨

YES ▨          NO ❑

## SERVICE CATEGORY

| | | | | | | |
|---|---|---|---|---|---|---|
| Medical | ❑ | List specialty | _____ | YES ❑ | NO ❑ | |
| Surgical | ▨ | List specialty | *Orthopedic* | YES ❑ | NO ▨ | *Does not need separate Orthopedic privileges in the worst.* |
| Neurology | ❑ | | _____ | YES ❑ | NO ❑ | |
| Psychiatry | ❑ | | | YES ❑ | NO ❑ | |
| Other (please list) | ❑ | | _____ | YES ❑ | NO ❑ | |

Applicant signature _____     9 Jan 2000
                                                 Date

ACOS External Clinical Services signature _____ *Arroc 1885*     5/22/01
                                                                 Date

NOTE: If treatment privileges are required, please apply for such privileges through the appropriate Service/Section Chief.
The necessary form(s) can be obtained from the Medical Staff Office.



**DEPARTMENT OF VETERANS AFFAIRS**
San Diego Healthcare System
3350 La Jolla Village Drive
San Diego CA 92161

June 7, 2002

In Reply Refer To:

664/11-B

WALTER M SHAW, MD
POST OFFICE BOX 148
4000 PALM DRIVE
BONITA CA  91902-2520

Dear Dr. Shaw:

This is to notify you that you have been reappointed to this facility as follows:

Department:      External Clinical Services
Specialty:         Not applicable
Status:             Fee Basis
Period:            09/28/1994 - 05/01/2004
Appt Type:        Primary

Your current privileges as approved for the next two years are attached.  If there are any changes, corrections or questions regarding this information, please contact the Medical Staff Office (11B) as soon as possible at (858) 642-3197.

Thank you for your continued participation at the Veterans Affairs San Diego Healthcare System.

Sincerely,

Noreen Constantino
Medical Staff Office

Enclosure



**Department of Veterans Affairs**
San Diego Healthcare System
3350 La Jolla Village Drive
San Diego CA 92161

August 18, 2004

WALTER M SHAW, MD
8810 RIO SAN DIEGO DRIVE
MAIL CODE 22ZA
SAN DIEGO CA 92108

Dear Dr. Shaw:

This is to notify you that you have been reappointed to this facility as follows:

| | |
|---|---|
| Department: | External Clinical Services |
| Specialty: | Not applicable |
| Status: | Fee Basis |
| Period: | 05/07/2004 - 05/01/2006 |
| Appt Type: | Primary |

Your current privileges as approved for the next two years are attached. If there are any changes, corrections or questions regarding this information, please contact the Medical Staff Office (11B) as soon as possible at (858) 642-3197.

Thank you for your continued participation at the Veterans Affairs San Diego Healthcare System.

Sincerely,

Noreen Constantino
Medical Staff Assistant

Enclosure



**Department of Veterans Affairs**
San Diego Healthcare System
3350 La Jolla Village Drive
San Diego CA 92181

September 20, 2006

664BY/22Z

Walter Shaw, MD
4000 Palm Dr.
Bonita, CA  91902

Dear Dr. Shaw:

We are pleased to inform you of the renewal of your appointment, as described below, with the VA San Diego Healthcare System (VASDHS).

| | |
|---|---|
| Position Title: | Physician |
| Service: | VA Mission Valley Clinic |
| Authority: | 38 U.S.C. 7405 (a)(2) |
| Period Covered: | 10/01/06 through 9/30/07 |
| Fee-Basis Rate: | $130.00 per general medical exam |
| Earnings Limitation: | $150,000 per fiscal year |

You will be paid $130.00 for each general medical examination completed, $65.00 for each dermatology exam completed and $150.00 for each POW Protocol exam completed.

We are required to notify you of the following information:

You will be subject to income tax withholdings, plus Old Age and Survivor's Disability Insurance (OASDI) and Medicare taxes. The VASDHS will be responsible for the employer's contributions to these programs.

Your fees will be paid only through Direct Deposit/Electronic Funds Transfer (DD/EFT).

Civil Service Annuitants appointed on a fee-basis are not subject to any reduction of fees; however, military retired or retainer pay received by individuals appointed on a fee-basis is subject to reduction under 5 U.S.C. 5532.

You may be defended by the United States against allegations of malpractice or negligence arising from the exercise of your duties (38 U.S.C. 7318). You are also covered by the Federal Employees' Compensation Act (5 U.S.C. Ch. 81) and Unemployment Compensation (5 U.S.C. Ch. 85).

Fees paid are subject to garnishment under Parts 581 and 582 of Title 5, Code of Federal Regulations (CFR).

Page 2.

This temporary appointment is subject to termination when the needs of the service have been met.

Attached to this letter are specific's to your appointment.

We wish to express our appreciation for your interest in employment with the VA San Diego Healthcare System, and your willingness to make a valuable contribution to our mission. We are looking forward to your association with us.

If you have any questions or need further assistance, please call Jan Stock, Human Resources Management Specialist at (858) 552-8585 ext. 7859.


Stephanie Wright
Director, HRM

Attachment



DEPARTMENT OF VETERANS AFFAIRS
San Diego Healthcare System
3350 La Jolla Village Drive
San Diego CA 92161

June 7, 2002

In Reply Refer To:

664/11-B

WALTER M SHAW, MD
POST OFFICE BOX 148
4000 PALM DRIVE
BONITA CA 91902-2520

Dear Dr. Shaw:

This is to notify you that you have been reappointed to this facility as follows:

| | |
|---|---|
| Department: | External Clinical Services |
| Specialty: | Not applicable |
| Status: | Fee Basis |
| Period: | 09/28/1994 - 05/01/2004 |
| Appt Type: | Primary |

Your current privileges as approved for the next two years are attached. If there are any changes, corrections or questions regarding this information, please contact the Medical Staff Office (11B) as soon as possible at (858) 642-3197.

Thank you for your continued participation at the Veterans Affairs San Diego Healthcare System.

Sincerely,

Noreen Constantino
Medical Staff Office

Enclosure .

**EXHIBIT B**



**DEPARTMENT OF VETERANS AFFAIRS**
San Diego Healthcare System
3350 La Jolla Village Drive
San Diego CA 92161

September 17, 2004

In Reply Refer To:

To Whom It May Concern:

Dr. Walter Shaw is employed as a Fee Basis Physician at the VA San Diego Healthcare

System. Dr. Shaw is not in an appointment that makes him eligible for retirement or for a

401K or our tax deferred Thrift Savings Plan. His appointment is considered an

independent contracting position and not eligible for benefits.

If you have any questions, please contact me at 858-552-8585, extension 7862.

WANDA BAKER
HR Specialist, (Benefits)

**EXHIBIT C**

**VA Department of Veterans Affairs**

| 1. NAME | 3. PAY PERIOD ENDING |
|---|---|
| SHAW, WALTER M | 05/24/2008 |

## EARNINGS AND LEAVE STATEMENT

| 2. SOCIAL SECURITY NO. (Last 4 digits) | 4. PAY DATE |
|---|---|
| | 05/30/2008 |

| 5. PAY PLAN | 6. GRADE AND STEP | 7. HOURLY/DAILY RATE | 8. BASIC OVERTIME RATE | 9. ADJUSTED BASIC PAY (Basic Pay + Locality Adjustment) |
|---|---|---|---|---|
| F | 00 | N 130.00 | | |

| 10. LOCALITY PERCENT | 11. FLSA CATEGORY | 12. SCD LEAVE | 13. MAXIMUM LEAVE CARRY OVER | 14. LEAVE YEAR ENDING |
|---|---|---|---|---|
| 32.00 | E | 12/10/1995 | | 01/03/2009 |

| 9. FINANCIAL INSTITUTION - NET PAY | 16. FINANCIAL INSTITUTION - ALLOTMENT NO. 1 | 17. FINANCIAL INSTITUTION - ALLOTMENT NO. 2 |
|---|---|---|
| 321070007 | | |

| 18A. TAX | 18B. MARITAL STATUS | 18C. EXEMPTIONS | 18D. ADD'L | 19A. MARITAL STATUS | 19B. EXEMPTIONS | 19C. ADD'L | 19D. TAXING AUTHORITY | 20. CUMULATIVE RETIREMENT | 21. MILITARY DEPOSIT |
|---|---|---|---|---|---|---|---|---|---|
| EO A | M | 3 3 | | | | | | | |

### 22. PAY INFORMATION

| A. DESCRIPTION | B. CURRENT | C. YEAR TO DATE |
|---|---|---|
| GROSS PAY | 4940.00 | 39780.00 |
| TAXABLE WAGES | 4940.00 | 39780.00 |
| NONTAXABLE WAGES | | |
| TAX DEFERRED WAGES | | |
| DEDUCTIONS | 1509.97 | 10693.41 |
| NEO | | |
| NET PAY | 3430.03 | |

### 23. MISCELLANEOUS AND BENEFITS INFORMATION

| A. DESCRIPTION | |
|---|---|
| FUND CONTROL POINT | 161 |

### 24. CURRENT EARNINGS

| A. DESCRIPTION | B. HOURS/DAYS | C. AMOUNT | D. DESCRIPTION | E. HOURS/DAYS | F. AMOUNT | G. DESCRIPTION | H. HOURS/DAYS | I. AMOUNT |
|---|---|---|---|---|---|---|---|---|
| REGULAR BASE | | 4940.00 | | | | | | |

### 25. RETROACTIVE EARNINGS

| A. DESCRIPTION | B. HOURS/DAYS | C. AMOUNT | D. DESCRIPTION | E. HOURS/DAYS | F. AMOUNT | G. DESCRIPTION | H. HOURS/DAYS | I. AMOUNT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### 26. DEDUCTIONS

| A. DESCRIPTION | B. CODE | C. CURRENT | D. YEAR TO DATE | E. DESCRIPTION | F. CODE | G. CURRENT | H. YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| SOI | | 306.28 | 2466.36 | MEDICARE | | 71.63 | 576.83 |
| TAX, FEDERAL | | 780.48 | 9108.92 | TAX, STATE | CA | 351.58 | 2513.30 |

### 27. LEAVE

| A. DESCRIPTION | B. PRIOR YEAR BALANCE | C. ACCRUED PAY PERIOD | D. ACCRUED YEAR TO DATE | E. USED PAY PERIOD | F. USED YEAR TO DATE | G. DONATED/ RETURNED | H. CURRENT BALANCE | I. USE-LOSS TERM DATE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

REMARKS
FOR YOUR INFORMATION: PLEASE REVIEW YOUR EARNINGS AND LEAVE STATEMENT FOR ACCURACY.

FORM 5632
2008

| **VA** Department of Veterans Affairs | 1. NAME (Last, First, MI) ~~Document 1-6   Filed 0~~/~~28/1~~ FOR PAY PERIOD ENDING | |
|---|---|---|
| | SHAW WALTER M | 08/28/2010 |

## EARNINGS AND LEAVE STATEMENT

| 2. SOCIAL SECURITY NO. (Last 4 digits) | 4. PAY DATE |
|---|---|
| | 09/03/2010 |

| 5. PAY PLAN | 6. GRADE AND STEP | 7. HOURLY/DAILY RATE | 8. BASIC OVERTIME RATE | 9. ADJUSTED BASIC PAY (Basic Pay + Locality Adjustment) | | |
|---|---|---|---|---|---|---|
| F3 | 00   00 | | | 0.00 | 0 | 0.00 |

| 10. LOCALITY PERCENT | 11. FLSA CATEGORY | 12. SCD LEAVE | 13. MAXIMUM LEAVE CARRY OVER | 14. LEAVE YEAR ENDING |
|---|---|---|---|---|
| | E | 12/10/98 | | 01/01/11 |

| 15. FINANCIAL INSTITUTION - NET PAY | 16. FINANCIAL INSTITUTION - ALLOTMENT NO. 1 | 17. FINANCIAL INSTITUTION - ALLOTMENT NO. 2 |
|---|---|---|
| CITIBANK WEST | | |

| 18A. TAX | 18B. MARITAL STATUS | 18C. EXEMPTIONS | 18D. ADD'L | 19A. MARITAL STATUS | 19B. EXEMPTIONS | 19C. ADD'L | 19D. TAXING AUTHORITY | 20. CUMULATIVE RETIREMENT | 21. MILITARY DEPOSIT |
|---|---|---|---|---|---|---|---|---|---|
| FED | M | 3 | | | | | | | |
| CA | S | 3 | | | | | | | |

### 22. PAY INFORMATION

| A. DESCRIPTION | B. CURRENT | C. YEAR TO DATE | 4. DESCRIPTION | | |
|---|---|---|---|---|---|
| GROSS PAY | 3840.00 | 67110.00 | FUND CONTROL POINT | | 161 |
| TAXABLE WAGES | 3840.00 | 67110.00 | | | |
| NONTAXABLE WAGES | | | | | |
| TAX DEFERRED WAGES | | | | | |
| DEDUCTIONS | 951.05 | 18196.96 | | | |
| AEIC | | | | | |
| NET PAY | 2888.95 | 48913.04 | | | |

### 24. CURRENT EARNINGS

| A. DESCRIPTION | B. HOURS/DAYS | C. AMOUNT | D. DESCRIPTION | E. HOURS/DAYS | F. AMOUNT | G. DESCRIPTION | H. HOURS/DAYS | I. AMOUNT |
|---|---|---|---|---|---|---|---|---|
| REGULAR PAY | | 3840.00 | | | | | | |

### 25. RETROACTIVE EARNINGS

| A. DESCRIPTION | B. HOURS/DAYS | C. AMOUNT | D. DESCRIPTION | E. HOURS/DAYS | F. AMOUNT | G. DESCRIPTION | H. HOURS/DAYS | I. AMOUNT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### 26. DEDUCTIONS

| A. DESCRIPTION | B. CODE | C. CURRENT | D. YEAR TO DATE | E. DESCRIPTION | F. CODE | G. CURRENT | H. YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| MEDICARE | | 52.78 | 973.10 | OASDI | CA | 225.68 | 4160.82 |
| TX, FEDERAL | | 413.37 | 8230.07 | TAX, STATE | | 259.22 | 4832.97 |

### 27. LEAVE

| A. DESCRIPTION | B. PRIOR YEAR BALANCE | C. ACCRUED PAY PERIOD | D. ACCRUED YEAR TO DATE | E. USED PAY PERIOD | F. USED YEAR TO DATE | G. DONATED/ RETURNED | H. CURRENT BALANCE | I. USE-LOSE TERM DATE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

REMARKS

FOR YOUR INFORMATION: PLEASE REVIEW YOUR EARNINGS AND LEAVE STATEMENT FOR ACCURACY.
OUR PAYROLL OFFICE ID NUMBER IS 97381600 - DEPARTMENT OF VETERANS AFFAIRS.
BEGINNING 9-1-2010, ALL NON-BARGAINING EMPLOYEES WILL RECEIVE THEIR LES ELECTRONICALLY.
CK STATUS IN ETA, SELECT EMPLOYEE MENU, SERVICE RECORD, THEN VIEW BUS CODE. IF IT SHOWS
NO PAYROLL DEDUCTIONS WILL STOP AND REFUNDS OF ANY UNUSED BALANCES REMAINING WILL BE
UED EFFECTIVE 8/29/2010. NEW BOND DEDUCTIONS MAY BE ESTABLISHED AS AN ALLOTMENT AFTER
ATING AN ACCOUNT VIA WWW.TREASURYDIRECT.GOV.
USING VA EMAIL ADDRESS.
IFY YOUR SERVICING HR OFFICE IF YOUR EMAIL ADDRESS IS MISSING OR INCORRECT.

FORM 5632
2006

**Department of Veterans Affairs**

**EARNINGS AND LEAVE STATEMENT**

| | |
|---|---|
| SHAW, WALTER M | 1. PAY PERIOD ENDING 01/30/2010 |
| 2. SOCIAL SECURITY NO. (Last 4 digits) | 4. PAY DATE 02/05/2010 |

| 1. PAY PLAN F | 6. GRADE AND STEP 00 | 7. HOURLY/DAILY RATE 150.00 | 8. BASIC OVERTIME RATE | 9. ADJUSTED BASIC PAY (Basic Pay + Locality Adjustment) |
|---|---|---|---|---|
| 10. LOCALITY PERCENT 24.19 | 11. FLSA CATEGORY E | 12. SCD LEAVE 12/10/1996 | 13. MAXIMUM LEAVE CARRY OVER | 14. LEAVE YEAR ENDING 01/01/2011 |

| 15. FINANCIAL INSTITUTION - NET PAY 331070007 | 16. FINANCIAL INSTITUTION - ALLOTMENT NO. 1 | 17. FINANCIAL INSTITUTION - ALLOTMENT NO. 2 |
|---|---|---|

| 18A. TAX | 18B. MARITAL STATUS | 18C. EXEMPTIONS | 18D. ADD'L | 19A. MARITAL STATUS | 19B. EXEMPTIONS | 19C. ADD'L | 19D. TAXING AUTHORITY | 20. CUMULATIVE RETIREMENT | 21. MILITARY DEPOSIT |
|---|---|---|---|---|---|---|---|---|---|
| FED CA | M | 3 3 | | | | | | | |

### 22. PAY INFORMATION

| A. DESCRIPTION | B. CURRENT | C. YEAR TO DATE |
|---|---|---|
| GROSS PAY | 2340.00 | 10350.00 |
| TAXABLE WAGES | 2340.00 | 10350.00 |
| NONTAXABLE WAGES | | |
| TAX DEFERRED WAGES | | |
| DEDUCTIONS | 489.49 | 2708.69 |
| AEIC | | |
| NET PAY | 1850.51 | |

### 23. MISCELLANEOUS AND BENEFITS INFORMATION

| A. DESCRIPTION | |
|---|---|
| FUND CONTROL POINT | 461 |

### 24. CURRENT EARNINGS

| A. DESCRIPTION | B. HOURS/DAYS | C. AMOUNT | D. DESCRIPTION | E. HOURS/DAYS | F. AMOUNT | G. DESCRIPTION | H. HOURS/DAYS | I. AMOUNT |
|---|---|---|---|---|---|---|---|---|
| REGULAR BASE | | 2340.00 | | | | | | |

### 25. RETROACTIVE EARNINGS

| A. DESCRIPTION | B. HOURS/DAYS | C. AMOUNT | D. DESCRIPTION | E. HOURS/DAYS | F. AMOUNT | G. DESCRIPTION | H. HOURS/DAYS | I. AMOUNT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### 26. DEDUCTIONS

| A. DESCRIPTION | B. CODE | C. CURRENT | D. YEAR TO DATE | E. DESCRIPTION | F. CODE | G. CURRENT | H. YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| OASDI | | 145.08 | 641.70 | MEDICARE | | 33.93 | 150.08 |
| TAX, FEDERAL | | 187.83 | 1197.07 | TAX, STATE | CA | 122.65 | 717.78 |

### 27. LEAVE

| A. DESCRIPTION | B. PRIOR YEAR BALANCE | C. ACCRUED PAY PERIOD | D. ACCRUED YEAR TO DATE | E. USED PAY PERIOD | F. USED YEAR TO DATE | G. DONATED/ RETURNED | H. CURRENT BALANCE | I. USE-LOSE TERM DATE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

REMARKS
FOR YOUR INFORMATION: PLEASE REVIEW YOUR EARNINGS AND LEAVE STATEMENT FOR ACCURACY.
OUR PAYROLL OFFICE ID NUMBER IS 97381600 - DEPARTMENT OF VETERANS AFFAIRS.

FORM 5632
2006

IMPORTANT TAX INFORMATION

PAYER'S NAME                          1994          FORM 1099-MISC.
    DEPARTMENT OF VETERANS AFFAIRS                  MISCELLANEOUS
    AUSTIN AUTOMATION CENTER                        INCOME
    1615 EAST WOODWARD STREET                       COPY B FOR RECIPIENT
    AUSTIN, TEXAS 78772-0001      STATEMENT FOR:
PAYER'S FEDERAL ID      RECIPIENT'S ID      NONEMPLOYEE COMPENSATION
    74-1612229F                                     5,840.00

RECIPIENT'S NAME                              INSTRUCTIONS FOR RECIPIENT:
                                              THE AMOUNT SHOWN ON THIS FORM MAY
                                              OR MAY NOT BE TAXABLE TO YOU. IF
    W M SHAW MD                               THE AMOUNT IS TAXABLE AND YOU ARE
    P O BOX 148                               AN INDIVIDUAL, REPORT IT ON YOUR
                                              TAX RETURN AS EXPLAINED BELOW.
    BONITA        CA 91908


GENERALLY, THIS AMOUNT IS CONSIDERED INCOME FROM SELF-EMPLOYMENT. REPORT IT
AS PART OF YOUR TRADE OR BUSINESS INCOME ON SCHEDULE C OR F (FORM 1040).
IF YOU ARE NOT SELF-EMPLOYED, AMOUNTS PAID TO YOU FOR SERVICES RENDERED ARE
GENERALLY REPORTED ON FORM 1040 ON THE LINE FOR "WAGES, SALARIES, TIPS, ETC."

THIS IS IMPORTANT TAX INFORMATION AND IS BEING FURNISHED TO THE INTERNAL
REVENUE SERVICE. IF YOU ARE REQUIRED TO FILE A RETURN, A NEGLIGENCE PENALTY
OR OTHER SANCTION MAY BE IMPOSED ON YOU IF THIS INCOME IS TAXABLE AND THE
IRS DETERMINES THAT IT HAS NOT BEEN REPORTED.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Walter M. Shaw

vs.

Veterans Health Administration, *et al*

Case No. 12-cv-2369-BEN (NLS)

### DECLARATION OF SERVICE

Person Served:
UNITED STATES ATTORNEY

Date Served:
02/18/14   *at 12:15 pm*

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:
Second Amended Complaint; Exhibits
in the following manner; (check one)
*101 W. Broadway Ste 1500 San Diego Ca 92101*

1)   **x**   By personally delivering copies to the person served.
*C/O  Sandra Houston, Clerk*

2)        By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3)        By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)        By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at
          on                  , 20          .

Executed on        February 18      , 20 14      at San Diego

*R.T. Harsell
RPS San Diego Co. #1422*

::ODMA\PCDOCS\WORDPERFECT\14560\2 May 5, 1999 (10:01am)