14 MAY -9 AM 9: 41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER M. SHAW, | CASE NO. 12-cv-2369-BEN (NLS) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| vs. | |
| VETERANS HEALTH ADMINISTRATION; VA SAN DIEGO HEALTHCARE SYSTEM; SAN DIEGO VA MEDICAL CENTER; DEPARTMENT OF VETERANS AFFAIRS; and OFFICE OF PERSONNEL MANAGEMENT, | [Docket No. 36] |
| Defendants. | |

Before this Court is a Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction filed by the United States on behalf of the above-named Defendants. (Docket No. 36). For the reasons stated below, the Motion is **GRANTED**.

Plaintiff commenced this action on September 28, 2012. (Docket No. 1). An Amended Complaint was filed on October 24, 2012. (Docket No. 4). Defendants' Motion to Dismiss was granted on December 18, 2013. (Docket No. 28). This Court dismissed Plaintiff's claim for retirement benefits on the grounds that this Court lacked jurisdiction over the claim. (*Id.* at 4). Plaintiff was informed that he was required to pursue administrative remedies, and that any appeal of the administrative decision must be to the Court of Appeals for the Federal Circuit. (*Id.*) This Court dismissed the remainder of Plaintiff's claim due to a failure to make a short and plain statement of the

1  claim which demonstrated that he was entitled to relief. (*Id.* at 6-7). The Court noted
2  that the Complaint was lengthy, confusing, redundant, and disorganized. (*Id.*). The
3  Court concluded that it failed to give Defendants fair notice of what claims he was
4  asserting and what relief he sought. (*Id.*)

5        Plaintiff filed a Second Amended Complaint on February 18, 2014. (Docket No.
6  32). Plaintiff alleges that he was employed by Defendants as a "fee-basis physician."
7  (*Id.* ¶ 3). He contends that he was misclassified as an "independent contractor" in
8  order to avoid the payment of certain benefits. (*Id.* ¶¶ 24-26). He also claims that he
9  was not given complete and accurate wage statements. (*Id.* ¶ 28). Plaintiff's Second
10 Amended Complaint states claims for Violation of California Labor Code section 226,
11 unfair competition in violation of California Business & Professions Code sections
12 17200 *et seq.*, and failure to pay overtime wages in violation of California Labor Code
13 sections 510, 1194, and 1198.

14       Defendants filed a Motion to Dismiss for Failure to State a Claim and for Lack
15 of Jurisdiction on March 4, 2014. (Docket No. 36). The matter was originally set for
16 oral argument on May 5, 2014. Plaintiff attempted to file a response, but this Court
17 rejected the filing because Plaintiff did not attach a proof of service. (Docket No. 38).
18 Although Plaintiff is proceeding pro se, he has previously complied with the
19 requirement that the opposing party be properly served and that proof of service be
20 submitted to the Court. This Court continued the hearing date two weeks, to May 19,
21 2014, in an effort to give Plaintiff additional time to properly serve his opposition
22 paperwork. Plaintiff has not attempted to file new opposition documents, has not
23 submitted a proof of service, and has not requested an extension of deadlines from this
24 Court.

25       Under Civil Local Rule 7.1(f)(3)(c), an opposing party's failure to file the papers
26 as required by Civil Local Rule 7.1(e)(2) "may constitute a consent to the granting of
27 [the] motion." On the basis of Plaintiff's failure to file an opposition or statement of
28 non-opposition to the motion as required by Civil Local Rule 7.1(e)(2), therefore, the

1 | Motion to Dismiss filed by Defendants is **GRANTED**.

2 | However, this Court has also carefully examined the Second Amended
3 | Complaint, and concludes that dismissal is appropriate in this case. Plaintiff's claims
4 | are barred by sovereign immunity. The United States is immune from suit, except to
5 | the extent that it consents to be sued. *E.g., United States v. Mitchell*, 445 U.S. 535, 538
6 | (1980). Any waiver of that immunity from suit "cannot be implied but must be
7 | unequivocally expressed." *Id.* (quoting *United States v. King*, 395 U.S. 1, 3 (1969)).
8 | Defendants point out that the United States has not expressly waived sovereign
9 | immunity for the state law claims raised by Plaintiff. Thus, although this Court might
10 | normally have subject-matter jurisdiction over this matter because it seeks damages
11 | from the United States, *see* 28 U.S.C. § 1346, this Court nonetheless lacks jurisdiction
12 | because the United States has not agreed to be sued for these causes of action.

13 | Accordingly, the Motion to Dismiss is **GRANTED** and the case is **DISMISSED**
14 | **WITHOUT PREJUDICE**. The Clerk of the Court may close the case.

15 | **IT IS SO ORDERED.**

17 | Dated: May ⁄ , 2014

HON. ROGER T. BENITEZ
United States District Judge

12cv2369